**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| TORREY L. MACKEY,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:25-CV-148<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Jill E. McCook |

---

**MEMORANDUM AND ORDER**

---

Before the Court is United States Magistrate Judge Jill E. McCook's Report and Recommendation ("R&R") (Doc. 24), which recommends that Plaintiff Torrey Mackey's requests for relief (Docs. 2, 21) be denied and that Defendant Commissioner of Social Security's request for affirmation of her final decision (Doc. 18) be affirmed.

## I. STANDARD OF REVIEW[1]

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). However, if an objection merely restates arguments asserted in a plaintiff's earlier motion which were addressed by the magistrate judge's report and

[1] Because Plaintiff does not object to Magistrate Judge McCooks's recitation of the facts and procedural history, the Court will not restate them.

recommendation, it constitutes only a general objection and is deemed waived. *See Middleton v. Octapharma Plasma, Inc.*, No. 19-1943, 2020 WL 5000070, at *1 (6th Cir. Mar. 26, 2020) ("[A] general objection to a magistrate judge's report is considered tantamount to no objection at all."); *see also United States v. Price*, No. 3:23-cr-35, 2023 WL 8370411, at 13 (E.D. Tenn. Dec. 4, 2023) ("[O]bjections [that] reiterate arguments that defendants have previously made [] are considered general objections that do not sufficiently identify alleged errors in the R&R.") The Sixth Circuit has explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

## II. ANALYSIS

Plaintiff raises objections to the R&R, but they are nothing more than general objections.

First, Plaintiff notes that the magistrate judge accepted her briefs in this action, despite their tardiness, and reviewed the matter on the merits. (Doc. 25 at 1–2.) It is unclear how this qualifies an objection to the R&R, as this decision favors and was a courtesy to Plaintiff.

Second, Plaintiff states that Defendant "never addressed [his] brief nor have they responded to the Motion for Summary Judgment" and the process "is very exhausting and an emotional roller coaster triggering PTSD symptoms more than normal." (*Id*. at 2.) Plaintiff does not explain with any detail or specificity why Magistrate Judge McCook's analysis is incorrect. (*Id*. at 2–3.) These complaints do not relate specifically to the R&R and otherwise are too vague and generalized to be recognized as grounds for a specific objection. *See Yukins*, 7 F. App'x at 356.

Lastly, Plaintiff's objection states his opinion that "I strongly feel that this is the right decision that should be made in this case." (*Id.* at 3.) Plaintiff lists eight cases he "feel[s] corroborate[ his] argument." (*Id*.) Plaintiff provides zero context, explanation, or argument to go along with these cases. This argument is, at best, a general objection which does not merit *de novo* review. *See Price*, 2023 WL 8370411, at *4 ("Each objection to a magistrate judge's recommendation should describe how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue."); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Having conducted a review of Magistrate Judge McCook's R&R, as well as all the record evidence presented in this case, the Court agrees with Magistrate Judge McCook's well-reasoned conclusions. Accordingly, Plaintiff's objections (Doc. 25) are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge McCook's findings of fact, conclusions of law, and recommendations (Doc. 24). Accordingly,

Plaintiff's requests for relief (Docs. 2, 21) are **DENIED**, Defendant's request for affirmance of her final decision denying benefits (Doc. 18) is **GRANTED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**